UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JUANITA VAUGHN**, <br><br> Plaintiff, <br><br> vs. <br><br> **DAWN FOOD PRODUCTS, INC.**, <br><br> Defendant. | 2:18-CV-11491-TGB <br><br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** |

This matter is before the Court on Plaintiff Juanita Vaughn's September 8, 2020 motion for reconsideration (ECF No. 38) of the Court's August 25, 2020 Order (ECF No. 36) granting Defendant Dawn Food Products, Inc.'s motion for summary judgment (ECF No. 27). For the reasons set forth below, it is ordered that Plaintiff's motion is **DENIED**.

## I. Analysis

The Court may grant a motion for reconsideration if the movant satisfactorily shows that: (1) a palpable defect misled the parties and the Court; and (2) correcting the defect would result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." *Olson v. Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). "[A] motion for reconsideration is not properly used as a vehicle to

1

re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

Plaintiff seeks reconsideration of only a part of the Court's Order: she argues that the Court's findings regarding her race discrimination and hostile work environment claims under Title VII and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA") were defective. First, she says the Court incorrectly found that she failed to exhaust her administrative remedies. Second, she points out that ELCRA does not require exhaustion, and therefore it was palpable error to dismiss her ELCRA race discrimination and hostile work environment claims even if her Title VII claims were not exhausted. The Court will address each topical set of claims separately.

### a. Race discrimination

A prima facie case of race discrimination under Title VII requires showing that Plaintiff (1) was a member of a protected class, (2) was qualified for the position, (3) suffered an adverse employment action, and was (4) "treated differently than similarly situated non-protected employees." *Newman v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001). The analysis under ELCRA is the same. *See, e.g.*, *In re Rodriguez*, 487 F.3d 1001, 1007 (6th Cir. 2007).

2

The Court addressed Plaintiff's race discrimination claim on the merits, finding that she could not establish element four because she could not identify a "similarly situated employee who was given more favorable treatment." ECF No. 36, PageID.977. She therefore failed to make a prima facie case of race discrimination. Even if she had, the Court found that she did not present any rebuttal evidence to counter Defendant's proffered nondiscriminatory reasons for its actions. *Id.* Additionally, Defendant did not raise an exhaustion defense regarding Plaintiff's race discrimination claims. Therefore, the Court's findings on this claim under both Title VII and ELCRA had nothing to do with exhaustion. Plaintiff has not identified any other "palpable defect" in the Court's analysis. Summary judgment on these claims will not be reconsidered.

### b. Hostile work environment

To bring a claim under Title VII for a hostile work environment, a plaintiff must first exhaust all available administrative remedies. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006). Then, she must demonstrate that "(1) [she] is a member of a protected class; (2) was subjected to unwelcome harassment; (3) the harassment was based on plaintiff's protected status; (4) the harassment was sufficiently severe or pervasive to affect a term, condition, or privilege of employment;

3

and (5) the employer knew or should have known about the harassing conduct but failed to take corrective or preventative actions." *Fullen v. City of Columbus*, 514 Fed. App'x 601, 606–07 (6th Cir. 2013). If she makes out a prima facie case of discrimination, under the *McDonnell–Douglas* framework the burden then shifts to the defendant to articulate a nondiscriminatory reason for its actions. *Chen v. Dow Chemical Co.*, 580 F.3d 394, 400 (6th Cir. 2009). Once Defendant does so, the burden returns to Plaintiff to establish that Defendant's proffered reason(s) for its adverse employment decision(s) were pretextual. *Id.* Again, the analysis under ELCRA on the merits of the claim is the same. *See, e.g.*, *In re Rodriguez*, 487 F.3d at 1007-08. Plaintiff acknowledges this in her brief. ECF No. 38, PageID.1010. ELCRA does not have an exhaustion requirement, but instead has a three-year statute of limitations on filing a claim. *Womack Scott v. Dep't of Corr.*, 630 N.W.2d 650, 653-55 (Mich. Ct. App. 2001).

Plaintiff says it was palpable error not to find that she had, in fact, exhausted her administrative remedies with regards to her Title VII hostile work environment claim. She then points to her March 25, 2019 EEOC claim, one of three that she filed against her employer, as evidence that she did raise a hostile work environment claim sufficient to satisfy exhaustion. ECF No. 38, PageID.998-

4

1008.[1] However, what Plaintiff says next is that this claim raised an issue of "retaliation," and that she therefore "fulfilled her duty to exhaust administrative remedies relative to her retaliation claim." ECF No. 38, PageID.999. But the Court thoroughly considered her retaliation claim elsewhere in its order, and Defendants did not challenge retaliation on exhaustion grounds. ECF No. 36, PageID.991-92. Given the introduction of Plaintiff's motion, Plaintiff does not even seem to be seeking reconsideration of the Court's finding related to retaliation. ECF No. 38, PageID.996. The question here is whether she sufficiently exhausted a hostile work environment claim. The Court's finding on that issue involved a thorough analysis of her February 7, 2018 EEOC claim, which the Court found to not have sufficiently alleged a hostile work environment. ECF No. 36, PageID.980. Raising the March 25 retaliation EEOC claim does not present evidence that the Court's analysis of the February 7 EEOC claim was palpably incorrect.

If Plaintiff somehow means to say that the March 25, 2019 EEOC claim should have been considered as alleging a hostile work

---

[1] Plaintiff writes that this EEOC claim is from "March 14, 2019." ECF No. 38, PageID.999. But the cited reference and all other references to this document indicate the date of filing was March 25. The Court assumes this was a typographical mistake and that there is no March 14 claim.

environment in addition to retaliation, such that it meets the administrative exhaustion requirements, the time for this argument has passed. Plaintiff failed to discuss exhaustion at all in her Response to the motion for summary judgment, even though Defendant had raised it as an affirmative defense in their motion. Resp. to Mot. for Summ. J., ECF No. 30. By attaching the March 25, 2019 EEOC complaint for the first time now, and asking the Court to review its language, Plaintiff attempts to "advance positions that could have been argued earlier but were not," which is not permitted in a motion for reconsideration. *Smith*, F.Supp.2d at 637. This argument is therefore not properly before the Court and cannot be considered.

    Plaintiff further argues that ELCRA does not have an exhaustion requirement, and that therefore it was palpable error to dismiss the ELCRA hostile work environment claim on exhaustion grounds. Plaintiff is correct that ELCRA does not have an exhaustion requirement. *Rogers v. Bd. of Educ. of Buena Vista Sch.*, 2 F.3d 163, 168 (6th Cir. 1993). However, to succeed on this motion, Plaintiff must not only show a defect, but also that said defect "would result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). Assuming Plaintiff could articulate a prima facie hostile work environment claim, Defendant's articulated legitimate non-discriminatory reasons for their actions towards Plaintiff were

6

nevertheless carefully considered by the Court. ECF No. 36, PageID.977-79. The Court concluded that Plaintiff did not offer any rebuttal evidence as required under *McDonnell-Douglas* to allow the Court to find discriminatory intent. *Id.* Even if the Court were to reconsider the ELCRA hostile work environment claim, it would come to the same conclusion: Plaintiff did not show that Defendant's reasons for transferring her to a new position, and then eventually eliminating that position, were a pretext for any kind of discrimination. Therefore, this argument also fails.

Lastly, Plaintiff says it was palpable error to consider the exhaustion argument at all because it was not raised in a 12(b)(6) motion. ECF No. 38, PageID.1008-10. Certainly, the "[f]ailure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense." *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004) But Defendants raised this affirmative defense in their Answer, which was their first responsive pleading. ECF No. 26, PageID.199. They then relied upon it in their motion for summary judgment. ECF No. 27, PageID.226. Courts may properly evaluate the affirmative defense of failure to exhaust at the summary judgment stage. *See, e.g.*, *Wrobbel v. Int'l Bhd. of Elec. Workers, Local 17*, 638 F. Supp. 2d 780, 793 (E.D. Mich. 2009); *Burnett v. Transit Auth. of Lexington-Fayette Urban Cty. Gov't*, 981 F. Supp. 2d 630, 633 (E.D. Ky. 2013);

*Flagg v. Staples the Office Superstore E., Inc.*, 138 F. Supp. 3d 908, 914 (N.D. Ohio 2015). There is no requirement that an affirmative defense must be put forward in a 12(b)(6) motion before it is considered in a summary judgment motion, and none of the cases that Plaintiff cites support that proposition. ECF No. 38, PageID.1008-09.

## II. Conclusion

Plaintiff has not demonstrated any palpable defect in the Court's evaluation of her race discrimination claims under Title VII and ELCRA. She raises new arguments in support of her Title VII hostile work environment claim that may not be considered at this stage. Finally, she does not demonstrate any error in evaluating her ELCRA hostile work environment claim that would lead to a different outcome. For these reasons, Plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Date: November 17, 2020     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE